# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re*: **D.W., Jr., & S.W.**

**No. 15-0667** (Mercer County 13-JA-460 & 13-JA-461)

**FILED**

November 23, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father D.W., by counsel John E. Williams, Jr., appeals the Circuit Court of Mercer County's June 24, 2015, order terminating his parental rights to D.W., Jr., and S.W. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Thomas L. Fuda, filed a response on behalf of the children that supported the circuit court's order. On appeal, petitioner alleges that the circuit court erred in denying his motion to extend his post-adjudicatory improvement period, and in terminating his parental rights.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2013, the DHHR filed an abuse and neglect petition alleging that D.W., Jr., and S.W. were truant from school. The petition contained additional allegations that the children were also tardy from school without excuses. The petition was later amended to include allegations of substance abuse and domestic violence.

In January of 2014, the circuit court held an adjudicatory hearing wherein petitioner stipulated to the allegations in the petition and to neglecting his children "by virtue of substance abuse or domestic violence." The circuit court accepted the stipulation and petitioner was adjudicated as neglecting his children. Petitioner made a motion for a post-adjudicatory improvement period which the circuit court granted. The terms of the improvement period included detoxification and long-term in-patient treatment for substance abuse, individualized parenting classes, life skills classes, and home maintenance classes. Petitioner was also ordered to submit to random substance abuse screenings at least two times per week.

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

In March of 2014, the circuit court held a status hearing at which the DHHR reported that petitioner had completed applications for substance abuse detoxification treatment programs, that he had participated in all random substance abuse screenings, and that his visits with the children were going well. The circuit court extended petitioner's improvement period. Petitioner continued to comply with the terms of his improvement period until March of 2015. In March of 2015, the circuit court held a status hearing at which the DHHR reported that petitioner was not complying with the terms of his improvement period. Specifically, petitioner was not visiting the children consistently and there was no electricity at his home. The circuit court set the matter for disposition.

In June of 2015, the circuit court held a dispositional hearing[2] and noted that the case had been pending for approximately eighteen months. The DHHR reported that petitioner refused to submit to random substance abuse screenings, that petitioner was not complying with in-home services, and that he did not successfully complete any substance abuse treatment program. The DHHR also reported that petitioner did not have electricity in his home and several of the windows in the home were broken or missing. The DHHR also informed the circuit court that petitioner and the children were bonded. At the close of the hearing, the circuit court found that petitioner failed to comply with the terms of his improvement period. The circuit court also noted that petitioner did not have a home in which the children could safely live. The circuit court terminated petitioner's parental rights by order entered June 24, 2015. Petitioner appeals from the dispositional order.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's termination of petitioner's parental rights. While, petitioner argues that the circuit court erred in terminating his parental rights because he had a bond with his

---

[2]Because the dispositional hearing in this matter took place after May 20, 2015, the day the new version of West Virginia Code §§ 49-1-101 through 49-7-304 went into effect, the Court will apply the revised versions of those statutes on appeal.

children, the Court finds that the circuit court properly terminated petitioner's parental rights upon a finding that he could not substantially correct the conditions of abuse and neglect. Pursuant to West Virginia Code § 49-4-604(c)(3), there is no reasonable likelihood the conditions of abuse or neglect can be substantially corrected when "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child." The circuit court specifically made this finding in regard to petitioner, based upon the evidence of his non-compliance with the circuit court's orders and his failure to correct the conditions of abuse and neglect.

The circuit court's findings as to petitioner's non-compliance included his refusal to submit to substance abuse screenings, his non-compliance with in-home services, and his failure to successfully complete any substance abuse treatment program. Petitioner testified that he had electricity for "awhile" but that was because he had "a cord running" to his mother's home and he used her electricity. He also testified that he was not in compliance with his substance abuse treatment and noted that he "missed more than he had done." The evidence established that, approximately three weeks prior to the dispositional hearing, petitioner's home had no beds for the children. The circuit court also found that petitioner did not have electricity in the home and that several of the windows in the home were broken or missing, which made the home uninhabitable for the children. Based on this evidence, the circuit court correctly found that petitioner did not comply with the terms of his improvement period.

As noted above, the circuit court was presented with sufficient evidence to find that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-4-604(6), circuit courts are directed to terminate parental rights upon these findings. We have also held as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49–6–5(b) . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). Because the circuit court was presented with sufficient evidence to find that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect, termination of his parental rights to both children was not error.

Petitioner further argues that the circuit court erred in denying his motion for an extension of his post-adjudicatory improvement period. Specifically, petitioner contends that an extension would allow him to correct the conditions of abuse and neglect. Upon our review, the Court finds that petitioner was not entitled to an extension on his improvement period because the circuit court properly terminated petitioner's parental rights upon a finding that he could not substantially correct the conditions of abuse and neglect.

3

West Virginia Code § 49-4-610(6) provides that

> "[a] court may extend any improvement period granted pursuant to subdivision (2) or (3) of this section for a period not to exceed three months when the court finds that the respondent has substantially complied with the terms of the improvement period; that the continuation of the improvement period will not substantially impair the ability of the department to permanently place the child; and that the extension is otherwise consistent with the best interest of the child."

However, that alternative is not available where a circuit court determines that there is no reasonable likelihood that the conditions of abuse and neglect abuse can be substantially corrected in the near future. *In re Emily*, 208 W.Va. 325, 336, 540 S.E.2d 542, 553 (2000) (holding that "a dispositional improvement period is not available to a respondent parent where a finding is made pursuant to W. Va. Code 49-6-5(a)(6) (1977) that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future. . . . ") (internal citations omitted).

The circuit court correctly found that this case had been pending for approximately eighteen months and petitioner failed to comply with the terms of his improvement period. Petitioner refused to submit to random substance abuse screenings, did not complying with in-home services, did not successfully complete any substance abuse treatment program, and failed to make his home habitable for the children. Accordingly, we find that petitioner was not entitled to an extension of his improvement period based on the evidence above.

For these reasons, the circuit court's termination of petitioner's parental rights was not error. For the foregoing reasons, the circuit court's June 24, 2015, termination order is hereby affirmed.

Affirmed.

**ISSUED**: November 23, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II